IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Kellee Trahan, | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| Equifax Information Services, LLC, a Georgia company, Trans Union, LLC, a Delaware limited liability company, Lake Area Collections, L.L.C., a limited liability company, Afni, Inc., an Illinois corporation, and Transfinancial Companies, Inc., a Louisiana corporation, | **JURY TRIAL DEMAND** |
| Defendants. | |

NOW COMES THE PLAINTIFF, KELLEE TRAHAN, BY AND

THROUGH COUNSEL, GUY H. LELAND , and for her Complaint against the

Defendants, pleads as follows:

## JURISDICTION

1. Jurisdiction of this court arises under the Fair Debt Collection Practices

   Act 15 U.S.C. §1692 *et seq.,* ("FDCPA"), the Fair Credit Reporting Act,

   15 U.S.C. § 1681 *et. Seq* ("FCRA"), 15 U.S.C. §1692k(d) and 28 U.S.C.

   §§1331,1337.

1

## **VENUE**

2.   The transactions and occurrences which give rise to this action occurred in the City of Westlake, Parish of Calcasieu, Louisiana.

3.   Venue is proper in the Western District of Louisiana, Lake Charles Division.

## **PARTIES**

4.   The Defendants to this lawsuit are:

   a.   Equifax Information Services, LLC ("Equifax"), which is a Georgia company that maintains a registered agent in East Baton Rouge Parish, Louisiana; and

   b.   Trans Union, LLC ("Trans Union"), which is a Delaware limited company that maintains a registered agent in East Baton Rouge Parish, Louisiana;

   c.   Lake Area Collections L.L.C. ("Lake Area Collections"), which is a limited liability company that maintains a registered agent in Calcasieu Parish, Louisiana;

   d.   Afni, Inc. ("Afni"), which is an Illinois corporation that maintains a registered agent in East Baton Rouge Parish, Louisiana; and

e.  Transfinancial Companies, Inc. ("Transfinancial"), which is a
    Louisiana corporation that maintains a registered agent in East Baton
    Rouge Parish, Louisiana.

## GENERAL ALLEGATIONS

5.  Defendant Transfinancial is a debt collector attempting to collect a
    medical consumer type debt allegedly owed by Ms. Trahan in the amount
    of $2,547.00.

6.  Defendant Afni is also a debt collector attempting to collect a consumer
    type debt allegedly owed to Dish Network by Plaintiff in the amount of
    $950.00.

7.  The above alleged debts are hereinafter referred to as the "Debts."

8.  On or about August 24, 2016, Ms. Trahan obtained her credit files and
    noticed the following trade lines which showed that she disputed them
    ("Errant Trade Lines"):

    a.  Transfinancial, Inc. with account number
        TFC1003242000339XXXX;
    b.  Lake Area Collections with account number 417XXXX;
    c.  Lake Area Collections with account number 419XXXX; and
    d.  Afni, Inc. with account number 105848XXXX.

9.  Ms. Trahan no longer disputed the Errant Trade Lines so on or about
    October 31, 2016, Ms. Trahan sent letters to Equifax and Trans Union
    stating that she no longer disputed the Errant Trade Lines. She requested
    that the dispute language be removed from the Errant Trade Lines.

3

10. Upon information and belief, the CRAs forwarded Ms. Trahan's consumer disputes to Lake Area Collections, Afni and Transfinancial.

11. Ms. Trahan has not sent any other dispute letters to Equifax and Trans Union or Lake Area Collections, Afni and Transfinancial since the above dispute letters were sent on October 31, 2016.

12. On or about January 6, 2017, Ms. Trahan obtained her Equifax credit file and noticed that Transfinancial retained the disputed language on its Errant Trade Line. Further, this showed that Lake Area Collections retained the disputed language on both of its Errant Trade Lines.

13. On or about January 6, 2017, Ms. Trahan obtained her Trans Union credit file which showed that Afni retained the disputed language on its Errant Trade Line. This also showed that Transfinancial retained the disputed language on its Errant Trade Line.

14. As a direct and proximate cause of the Defendants' negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq., Plaintiff has suffered credit and emotional damages. Due to the Defendants' failure to correct the errors in her credit file, Plaintiff have been forced to refrain from applying for new credit or more favorable terms on existing credit lines. Plaintiff has also experienced undue stress and anxiety due to Defendants' failure to correct the errors

in her credit file or improve her financial situation by obtaining new or more favorable credit terms as a result of the Defendants' violations of the FCRA.

## COUNT I

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY TRANSFINANCIAL

15. Plaintiff realleges the above paragraphs as if recited verbatim.

16. At all relevant times, Defendant Transfinancial, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

17. Plaintiff is a "Consumer" pursuant to the FDCPA, and the account at issue is a consumer debt.

18. Defendant Transfinancial is a "debt collector" pursuant to the FDCPA, 15 U.S.C. §1692a(6).

19. Defendant Transfinancial's foregoing acts in attempting to collect the alleged debt violated the following provisions of the FDCPA:

a. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt.  Defendant did this when it failed to remove the dispute status from Ms. Trahan's credit files on the alleged Debt; and

b. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect a debt. Defendant did this when it failed to remove the dispute language from Ms. Trahan's credit files which misrepresented the status of the alleged Debt.

20. Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE**, **PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY LAKE AREA COLLECTIONS

21. Plaintiff realleges the above paragraphs as if recited verbatim.

22. At all relevant times, Defendant Lake Area Collections, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

23. Plaintiff is a "Consumer" pursuant to the FDCPA, and the account at issue is a consumer debt.

24.  Defendant Lake Area Collections is a "debt collector" pursuant to the FDCPA, 15 U.S.C. §1692a(6).

25.  Defendant Lake Area Collections' foregoing acts in attempting to collect the alleged debt violated the following provisions of the FDCPA:

   a.  15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt.  Defendant did this when it failed to remove the dispute status from Ms. Trahan's credit files on both alleged Debts; and

   b.  15 U.S.C. §1692e(10) by using false representations or deceptive means to collect a debt. Defendant did this when it failed to remove the dispute language from Ms. Trahan's credit files which misrepresented the status of both alleged Debts.

26.  Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

   **WHEREFORE**, **PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## <u>COUNT III</u>

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT BY AFNI

27.  Plaintiff realleges the above paragraphs as if recited verbatim.

28. At all relevant times, Defendant Afni, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

29. Plaintiff is a "Consumer" pursuant to the FDCPA, and the account at issue is a consumer debt.

30. Defendant Afni is a "debt collector" pursuant to the FDCPA, 15 U.S.C. §1692a(6).

31. Defendant Afni's foregoing acts in attempting to collect the alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692e2(A) by misrepresenting the character, amount, or legal status of any debt.  Defendant did this when it failed to remove the dispute status from Ms. Trahan's credit files on the alleged Debt; and

    b. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect a debt. Defendant did this when it failed to remove the disputed language from Ms. Trahan's credit files which misrepresented the status of the alleged Debt.

32.  Plaintiff has suffered economic, emotional, general, and statutory damages as a result of these violations of the FDCPA.

**WHEREFORE**, **PLAINTIFF PRAYS** that this court grant her a judgment against Defendant for actual damages, costs, interest, and attorneys' fees.

## COUNT IV

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY LAKE AREA COLLECTIONS

33.   Plaintiff realleges the above paragraphs as if recited verbatim.

34.  After being informed by Equifax of Ms. Trahan's consumer dispute of the dispute language of the Errant Trade Line, Lake Area Collections negligently failed to conduct a proper investigation of Ms. Trahan's dispute as required by 15 USC 1681s-2(b).

35.  Lake Area Collections negligently failed to review all relevant information available to it and provided  by Equifax in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax to remove the dispute language from the Errant Trade Line.

36.  The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Trahan's consumer credit file with Equifax to which it is reporting such trade line.

37.  As a direct and proximate cause of Lake Area Collections' negligent failure to perform its duties under the FCRA, Ms. Trahan has suffered damages, mental anguish, suffering, humiliation and embarrassment.

38.  Lake Area Collections is liable to Ms. Trahan by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

39.  Ms. Trahan has a private right of action to assert claims against Lake Area Collections arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Lake Area Collections for damages, costs, interest and attorneys' fees.

## <u>COUNT V</u>

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY LAKE AREA COLLECTIONS

40.  Plaintiff realleges the above paragraphs as if recited verbatim.

41.  After being informed by Equifax that Ms. Trahan disputed the accuracy of the information it was providing, Lake Area Collections willfully failed to conduct a proper reinvestigation of Ms. Trahan's dispute.

42. Lake Area Collections willfully failed to review all relevant information available to it and provided by Equifax as required by 15 USC 1681s-2(b).

43. As a direct and proximate cause of Lake Area Collections' willful failure to perform its duties under the FCRA, Ms. Trahan has suffered damages, mental anguish, suffering, humiliation and embarrassment.

44. Lake Area Collections is liable to Ms. Trahan for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Lake Area Collections for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## <u>COUNT VI</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANSFINANCIAL

45. Plaintiff realleges the above paragraphs as if recited verbatim.

46. After being informed by Equifax and Trans Union of Ms. Trahan's consumer dispute of the dispute language of the Errant Trade Lines, Transfinancial negligently failed to conduct a proper investigation of Ms. Trahan's dispute as required by 15 USC 1681s-2(b).

47. Transfinancial negligently failed to review all relevant information available to it and provided by Equifax and Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Equifax and Trans Union to remove the dispute language from the Errant Trade Line.

48. The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Trahan's consumer credit file with Equifax to which it is reporting such trade line.

49. As a direct and proximate cause of Transfinancial's negligent failure to perform its duties under the FCRA, Ms. Trahan has suffered damages, mental anguish, suffering, humiliation and embarrassment.

50. Transfinancial is liable to Ms. Trahan by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

51. Ms. Trahan has a private right of action to assert claims against Transfinancial arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Transfinancial for damages, costs, interest and attorneys' fees.

## COUNT VII

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANSFINANCIAL

52.  Plaintiff realleges the above paragraphs as if recited verbatim.

53.  After being informed by Equifax and Trans Union that Ms. Trahan disputed the accuracy of the information it was providing, Transfinancial willfully failed to conduct a proper reinvestigation of Ms. Trahan's dispute.

54.  Transfinancial willfully failed to review all relevant information available to it and provided by Equifax and Trans Union as required by 15 USC 1681s-2(b).

55.  As a direct and proximate cause of Transfinancial's willful failure to perform its duties under the FCRA, Ms. Trahan has suffered damages, mental anguish, suffering, humiliation and embarrassment.

56.  Transfinancial is liable to Ms. Trahan for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as

well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Transfinancial for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## COUNT VIII

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AFNI

57.   Plaintiff realleges the above paragraphs as if recited verbatim.

58.   After being informed by Trans Union of Ms. Trahan's consumer dispute of the dispute language of the Errant Trade Line, Afni negligently failed to conduct a proper investigation of Ms. Trahan's dispute as required by 15 USC 1681s-2(b).

59.   Afni negligently failed to review all relevant information available to it and provided by Trans Union in conducting its reinvestigation as required by 15 USC 1681s-2(b).  Specifically, it failed to direct Trans Union to remove the dispute language from the Errant Trade Line.

60.   The Errant Trade Line is inaccurate and creating a misleading impression on Ms. Trahan's consumer credit file with Trans Union to which it is reporting such trade line.

61. As a direct and proximate cause of Afni's negligent failure to perform its duties under the FCRA, Ms. Trahan has suffered damages, mental anguish, suffering, humiliation and embarrassment.

62. Afni is liable to Ms. Trahan by reason of its violations of the FCRA in an amount to be determined by the trier fact together with reasonable attorneys' fees pursuant to 15 USC 1681o.

63. Ms. Trahan has a private right of action to assert claims against Afni arising under 15 USC 1681s-2(b).

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Afni for damages, costs, interest and attorneys' fees.

## COUNT IX

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY AFNI

64. Plaintiff realleges the above paragraphs as if recited verbatim.

65. After being informed by Trans Union that Ms. Trahan disputed the accuracy of the information it was providing, Afni willfully failed to conduct a proper reinvestigation of Ms. Trahan's dispute.

66. Afni willfully failed to review all relevant information available to it and provided by Trans Union as required by 15 USC 1681s-2(b).

67. As a direct and proximate cause of Afni's willful failure to perform its duties under the FCRA, Ms. Trahan has suffered damages, mental anguish, suffering, humiliation and embarrassment.

68. Afni is liable to Ms. Trahan for either statutory damages or actual damages she has sustained by reason of its violations of the FCRA in an amount to be determined by the trier fact, together with an award of punitive damages in the amount to be determined by the trier of fact, as well as for reasonable attorneys' fees and she may recover therefore pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against the Defendant Afni for the greater of statutory or actual damages, plus punitive damages, along with costs, interest and attorneys' fees.

## <u>COUNT X</u>

### NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

69. Plaintiff realleges the above paragraphs as if recited verbatim.

70. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Trahan as that term is defined in 15 USC 1681a.

16

71. Such reports contained information about Ms. Trahan that was false, misleading, and inaccurate.

72. Trans Union negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Trahan, in violation of 15 USC 1681e(b).

73. After receiving Ms. Trahan's consumer dispute to the Errant Trade Lines, Trans Union negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

74. As a direct and proximate cause of Trans Union's negligent failure to perform its duties under the FCRA, Ms. Trahan has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

75. Trans Union is liable to Ms. Trahan by reason of its violation of the FCRA in an amount to be determined by the trier fact together with his reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for actual damages, costs, interest, and attorneys' fees.

## COUNT XI

### WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY TRANS UNION

76. Plaintiff realleges the above paragraphs as if recited verbatim.

77. Defendant Trans Union prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Ms. Trahan as that term is defined in 15 USC 1681a.

78. Such reports contained information about Ms. Trahan that was false, misleading, and inaccurate.

79. Trans Union willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Ms. Trahan, in violation of 15 USC 1681e(b).

80.  After receiving Ms. Trahan's consumer dispute to the Errant Trade Lines, Trans Union willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

81. As a direct and proximate cause of Trans Union's willful failure to perform its duties under the FCRA, Ms. Trahan has suffered actual damages, mental anguish and suffering, humiliation, and embarrassment.

82. Trans Union is liable to Ms. Trahan by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Trans Union for the greater of statutory or actual damages, plus punitive damages, along with costs, interest, and attorneys' fees.

## COUNT XII

## NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

83. Plaintiff realleges the above paragraphs as if recited verbatim.

84. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Trahan as that term is defined in 15 USC 1681a.

85. Such reports contained information about Ms. Trahan that was false, misleading and inaccurate.

86. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Ms. Trahan, in violation of 15 USC 1681e(b).

87.  After receiving Ms. Trahan's consumer dispute to the Errant Trade Lines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

88. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Ms. Trahan has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

89. Equifax is liable to Ms. Trahan by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 USC 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Equifax for actual damages, costs, interest and attorneys' fees.

## <u>COUNT XIII</u>

## WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX

90. Plaintiff realleges the above paragraphs as if recited verbatim.

91. Defendant Equifax prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Ms. Trahan as that term is defined in 15 USC 1681a.

92. Such reports contained information about Ms. Trahan that was false, misleading and inaccurate.

93. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported

to one or more third parties pertaining to Ms. Trahan, in violation of 15 USC 1681e(b).

94.   After receiving Ms. Trahan's consumer dispute to the Errant Trade Lines, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. 1681i.

95.   As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Ms. Trahan has suffered actual damages, mental anguish and suffering, humiliation and embarrassment.

96.   Equifax is liable to Ms. Trahan by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 USC 1681n.


**WHEREFORE, PLAINTIFF PRAYS** that this court grants her a judgment against Defendant Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest and reasonable attorneys' fees.

## JURY DEMAND

Plaintiff hereby demands a trial by Jury.

DATED: May 19, 2017

Respectfully submitted,


By: */s/ Guy H. Leland*
Guy H. Leland, Esq.
Louisiana Bar Roll #25764
 Attorney for Plaintiff,
 533 North Florida Street
Covington, LA 70433
Telephone: (985) 892-1374
Facsimile: (985) 892-3013