# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **KELLEE TRAHAN** | : | **CIVIL ACTION NO. 17-665** |
| **VERSUS** | : | **UNASSIGNED DISTRICT JUDGE** |
| **EQUIFAX INFORMATION SERVICES, LLC, ET AL** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a Motion for Attorney's Fees and a Motion to Strike, Motion to Enforce Order, and/or Motion to Dismiss, both filed by defendant Lake Area Collections, LLC ("LAC"). Docs. 37, 45. Plaintiff Kellee Trahan opposes both. Docs. 43, 49.

For the following reasons the Motion for Attorney's Fees is **GRANTED** and the Motion to Strike and for other relief is **DENIED**.

### I.
#### PROCEDURAL BACKGROUND

This suit began as a complaint by plaintiff against LAC and others (now dismissed) for alleged violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, and the Fair Credit Reporting Act, 15 U.S.C. § 1631, *et seq.* On May 31, 2018, LAC filed a Motion to Compel seeking responses to discovery it had propounded March 13, 2018. Doc. 32. LAC alleged that, despite its good-faith efforts to obtain satisfactory responses to its discovery, plaintiff failed to comply. Doc. 32, Att. 1, pp. 1-3. We issued a Notice of Motion Setting that allowed plaintiff twenty-one days, or until June 21, 2018, to file any objection or response to the motion. Doc. 33. Plaintiff failed to file any response or objection to LAC's motion and on July 10, 2018, we issued an order granting LAC's motion and ordering plaintiff to supplement her responses to LAC's

discovery within fifteen days of the date of the order. Doc. 36. It is for this failure to comply that LAC seeks attorney fees. Doc. 37.

Thereafter and on August 21, 2018, LAC filed the second motion under our consideration asking us to strike a portion of plaintiff's response to its request for attorney fees, to dismiss al lclaims against LAC by plaintiff for failure to prosecute and failure to comply with orders and local rules, and to enforce our previous order that plaintiff respond to discovery sought. Doc. 45.

## II.
### LAW AND ANALYSIS

*A. Motion for Attorney Fees [Doc. 37]*

Federal Rule of Civil Procedure 37(a)(5)(A) provides that, when a motion to compel discovery is granted, the court must require the party whose conduct necessitated the motion pay the movant's expenses and fees. The court should not award expenses and fees if the nondisclosure was "substantially justified" or if "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(ii)(iii). LAC claims that, as a prevailing party on the motion to compel, it is entitled to reasonable attorney's fees and expenses under Federal Rule of Civil Procedure 37.

Plaintiff primarily argues that she failed to respond to LAC's motion because she had no attorney actively representing her at the time; however, the record of this proceeding does not support her contention. The record shows that plaintiff has been represented at all times, although clearly there was activity between various counsel not pertinent to our consideration here. Whatever difficulties may have existed between her various counsel provides no justification for her failure to respond to properly propounded discovery. We therefore find that the failure to respond to discovery was not "substantially justified" and grant the motion for attorney's fees and expenses.

In support of its claim for fees LAC attaches affidavits and billing records. Doc. 37, Atts. 1-2. According to the affidavit of LAC's attorney William V. Westbrook, III he billed 16.60 hours

at a rate of $165 per hour in his attempt to secure supplemental responses to LAC's discovery.[1] Doc. 37, Att. 1, pp. 1-7. Plaintiff does not contest the hourly rate but contends that the amount of time billed for certain tasks is unreasonable. Doc. 43, pp. 8-10.

We have examined the itemized billing submitted by counsel for LAC. Doc. 37, Att. 1, pp. 4-7. We find that the time spent on telephone conferences, composing correspondence and/or emails, preparing pleadings and affidavits, and reviewing documents in connection with the motion to compel is reasonable with the exception of billing 1.5 hours for drafting a Certification of Compliance with Rule 37(a)(1). While counsel for LAC contends that this is the actual time it took to prepare a "12 page 'certification,'" examination of the document by the court reflects a routine three-page recitation of efforts to obtain supplemental discovery with nine pages of previously written emails and correspondence attached. Doc. 32, Att. 1. Accordingly, this time will be adjusted to 0.3 hours as suggested by plaintiff. Doc. 43, p. 9. Plaintiff is ordered to pay LAC $2,541.00.

### B. *Motion to Strike Response and to Enforce Order [Doc. 45]*

LAC asks us to "enforce" our previous order to plaintiff to respond to its discovery, to strike a portion of plaintiff's response to its previous motion for attorney fees, to dismiss plaintiff's claims for failure to prosecute, and to award additional attorney fees for the filing of this motion.

Except to suggest that we should dismiss plaintiff's claim for failure to prosecute, LAC fails to identify exactly what action we should take or by what process we should "enforce" our previous order. Dismissal with prejudice is an "extreme sanction that deprives the litigant of the opportunity to pursue his claim, [and] it is warranted only where a clear record of delay or contumacious conduct by the plaintiff exists and a lesser sanction would not better serve the interests of justice." *Thrasher v. City of Amarillo*, 709 F.3d 509, 512-513 (5th Cir.2013)(internal

---

[1] LAC originally submitted 17.40 hours but in supplemental briefing admits that .80 hours for revising a motion for summary judgment was inadvertently included on the itemized billing sheet. Doc. 45, p. 8.

quotations and citations omitted). Before considering such a severe penalty we require LAC to properly plead its request and brief it appropriately. This request for relief is denied as is its request for additional attorney fees. Having said that, however, plaintiff is cautioned that continued disregard of the lawful orders of this court could result in her being penalized as authorized by law, including, as a last resort, dismissal of her claim.

Further and given our ruling on the initial motion, LAC's request that we strike a portion of plaintiff's response is denied.

### III.
#### CONCLUSION

For reasons assigned,

**IT IS ORDERED** that LAC's Motion for Attorney Fees [Doc. 37] be GRANTED. LAC is awarded attorney's fees in the amount of $2,541.00 (15.40 hours at $165 per hour) to be paid within thirty (30) days of the signing of this judgment. Should plaintiff seek review of this ruling from the district court then this obligation is suspended pending the district court's ruling and instruction on payment if any payment is due.

**IT IS FURTHER ORDERED** that LAC's Motion to Strike, Motion to Enforce Order, and/or Motion to Dismiss [Doc. 45] is DENIED.

THUS DONE AND SIGNED in Chambers this 31st day of October, 2018.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE